### 10411.  DAYHUFF *v.* BROWN & ALLEN.

JENKINS, P. J. The court erred in overruling the demurrer to the defendant's plea in bar, and in thereafter sustaining the demurrer to the plaintiff's petition. See answers by the Supreme Court to certified questions propounded in this case. 150 *Ga.* 291 (103 S. E. 458).

*Judgment reversed. Stephens and Smith, JJ., concur.*

DECIDED SEPTEMBER 17, 1920.

Action for damages; from Fulton superior court — Judge Pendleton.  January 31, 1919.

By plea in bar to Mrs. Dayhuff's action for damages on account of the death of her husband, the defendant sets up that in a previous action, brought by him and prosecuted by her as his administratrix, damages for total loss of his earning capacity and for his pain and suffering were recovered by her on account of the same alleged negligent and wrongful act which in this subsequent suit was alleged to be the cause of his death. To this plea the plaintiff demurred on the ground that no valid defense was set up by it. The demurrer was overruled. The plaintiff then, by way of reply, amended her petition and in substance admitted the allegations of fact as to the previous suit and recovery, but contended that they constituted no defense to this action. The defendants demurred, contending that the facts stated constituted an estoppel, the court sustained the demurrer and dismissed the petition, and the case came to the Court of Appeals on exceptions to the rulings stated. The Supreme Court, in answer to a certified question from this court, held that the facts alleged constituted no bar to the action, and, on review, declined

to overrule its decision in the case of *Spradlin* v. *Georgia Railway & Electric Co.*, 139 *Ga.* 575.

*Westmoreland, Anderson & Smith,* for plaintiff.

*Rosser, Slaton, Phillips & Hopkins,* for defendant.